IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00483-AA <br> **ORDER AND OPINION** |
| v. | |
| JOHN TOBE LARSON, | |
| Defendant, | |

AIKEN, District Judge:

Defendant, John Tobe Larson, has been charged by indictment with one count of Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire in violation of 18 U.S.C. § 1958 and one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(l) and (b)(l)(C). Doc. 51. This matter is now before this Court on defendant's motion for review of a Magistrate Judge's detention order. Doc. 67.

Page 1 – ORDER AND OPINION

Pursuant to an initial criminal complaint, defendant was arrested on August 21, 2019.  Doc. 17.  After a formal hearing, U.S. Magistrate Judge Mark Clarke ordered defendant detained pending trial on August 26, 2019.  Doc. 15.

Defendant requested review of that detention order on March 20, 2020.  Doc. 36.  Following a formal hearing, Magistrate Judge Clark denied the motion on March 24, 2020.  Doc. 41.

Defendant was formally indicted on the present charges on October 15, 2020.  Doc. 51.  Defendant then filed a supplemental motion for release based on emerging concerns regarding the 2019 Novel Coronavirus ("COVID-19") at the Jackson County Jail on January 8, 2021.  Following a third detention hearing, Magistrate Judge Clarke denied the motion on January 12, 2021.  Doc. 65.

On February 26, 2021, defendant filed the present motion requesting review of Magistrate Judge Clarke's most recent ruling.  Doc. 67.  This Court held oral argument on that motion on March 2, 2021.  The Court heard from the parties as well as Jackson County Jail and U.S. Marshal officials.  For the reason's set forth below, the motion is DENIED.

## LEGAL STANDARD

Review of a magistrate judge's release or detention order is de novo.  *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).

The Bail Reform Act ("BRA") governs the detention of a defendant pending trial. 18 U.S.C. § 3142.  The Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure

the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. *Id.*

A Court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086.

Consideration of detention "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g)

Page 3 – ORDER AND OPINION

## DISCUSSION

The Court first finds that the nature and circumstances of the offense conduct were highly dangerous. First, defendant is accused of being involved with the interstate distribution of marijuana and bulk cash smuggling. More importantly, defendant is accused of seeking to hire another person to murder one of his associates because that individual owed defendant money. Defendant was also allegedly concerned that the intended victim would report defendant's supposed illegal activity to law enforcement. Defendant then allegedly agreed to pay approximately $20,000 dollars for the murder to an undercover government agent. Defendant met with the agent and gave specific instructions on who the alleged victim was and how the agent should dispose of the body. Given defendant's alleged actions in this case, this factor clearly weighs in favor of detention.

Though it is the least important factor to be considered, the Court finds that the weight of the evidence against the defendant also supports detention.

Turning to the history and characteristics of the person, the Court also finds defendant's previous criminal history supports continued detention. Defendant has a previous federal conviction related operating a large marijuana operation in Alaska. He also allegedly made comments to the undercover agent in this case that he had been in this business for over fifty years.

The Court also takes the health concerns presented in this motion very seriously. Defendant is seventy years old and suffers from several underlying conditions including a compromised immune system. Defendant notes that there has

been recent outbreak of COVID-19 at the Jackson County Jail where he is being held pending trial. Defendant complains that Jackson County officials have failed to adhere to U.S. Centers for Disease Control guidelines, including wearing masks, which puts him in danger for contracting the virus.

At oral argument, the Court heard statements from a county jail official, a Deputy U.S. Marshal, as well as defense counsel and his staff regarding their observations of Jackson County Jail staff practices. The Court finds all the offered statements to be credible. The Court does have concerns regarding jail operations and expects officials to comply with the relevant protocols regarding COVID-19 which are necessary to protect the individuals in their custody. However, defendant is currently being held in a four-person housing pod which is reasonably isolated and not currently infected with COVID-19. More importantly, defendant has already received his first dose of one of the two approved COVID-19 vaccines, and he will receive his second dose in coming weeks. While this is a closer issue, the Court finds that this factor does not weigh in favor of release.

Finally, the Court finds defendant's alleged actions in this case show that the nature and seriousness of the danger to any person or the community that would be posed by his release also weighs in favor of detention.

Considering the parties written submissions and oral arguments, the Court finds that the government has met its burden by a preponderance of the evidence that defendant poses a risk of flight. Further, the government has shown by clear and convincing evidence that defendant presents a danger to the community. Finally,

Page 5 – ORDER AND OPINION

the Court finds that there is no combination of conditions or constellation of services which would ensure defendant's appearance or the safety of the community if he were released at this time.

## CONCLUSION

For the reasons set forth above, defendant's motion for reconsideration of detention order (Doc. 67) is DENIED.

As noted above, the Court is concerned about defendant's health. Accordingly, if COVID-19 conditions change at the Jackson County Jail or if defendant's health significantly deteriorates, defendant is granted leave to refile his motion with the Court.

IT IS SO ORDERED.

Dated this  4th  day of March 2021.

_/s/Ann Aiken_
Ann Aiken
United States District Judge
